UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

| | |
|---|---|
| JAMIE L. MCNEELY, individually and as the natural mother and next friend of TRACE JAMES MCNEELY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2:12-cv-8727 |
| EMMANUEL O. SOYOOLA, MD, OLAN COMPREHENSIVE WOMEN'S HEALTHCARE CENTER and OCEANUS INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Oceanus Insurance Company ("Oceanus"), by its attorneys, Steptoe & Johnson PLLC, with the assent of the co-defendants, hereby notices the removal to this Court of Civil Action No. 10-C-131, from the Circuit Court of Logan County, West Virginia (the "State Court") on the following grounds:

1.    On or about June 1, 2010, Plaintiff Jamie L. McNeely, individually and as the natural mother and next friend of Trace James McNeely ("McNeely"), commenced an action against Defendants Emmanuel Soyoola ("Soyoola"), Olan Comprehensive Women's Healthcare Center ("Olan") and Logan Regional Medical Center (the "Hospital") in State Court, seeking damages for alleged medical errors by Soyoola, Olan and the Hospital in connection with the delivery of McNeely's child on November 10, 2005.

6155896.1

2. On or about November 9, 2012, Oceanus was served with an action against it, styled as the Third Amended Complaint in Civil Action No. 10-C-131. The Third Amended Complaint purports to seek, in pertinent part, a declaratory judgment against Oceanus with respect to the existence of a policy of tail insurance among Oceanus and Soyoola. The Hospital is not named as a defendant in the Third Amended Complaint.

3. The filing of the Third Amended Complaint commenced a new action against Oceanus that does not relate back to McNeely's original Complaint. Prior to the service of the Third Amended Complaint, Oceanus was not a party to Civil Action 10-C-131. Upon information and belief, prior to the Third Amended Complaint, Civil Action 10-C-131 involved only allegations of medical negligence and did not involve a separate case concerning the existence of insurance coverage.

4. Upon information and belief and as alleged in its Complaint, McNeely is a citizen of West Virginia.

5. Defendant Oceanus is a corporation organized under the laws of the State of South Carolina with its principal place of business in the State of South Carolina, and has been since the filing of the Third Amended Complaint in which McNeely initiated an action alleging misconduct by Oceanus.

6. Upon information and belief, Defendant Soyoola is a citizen and resident of the State of Georgia and has been since the filing of the Third Amended Complaint in which McNeely initiated an action alleging misconduct by Oceanus.

7. Upon information and belief, Defendant Olan is a corporation organized under the laws of the State of Georgia with its principal place of business in the State of Georgia, and has been since the filing of the Third Amended Complaint in which McNeely initiated an action alleging misconduct by Oceanus.

8. Plaintiff has either mistakenly or fraudulently pled that Defendants Soyoola and Olan are citizens of West Virginia.

9. At stake in this action is more than $75,000, exclusive of interest and costs. Plaintiff specifically seeks a declaration concerning the right to several multiples more than that from Oceanus.

10. This Notice of Removal is timely filed, within thirty (30) days after delivery of the Third Amended Complaint to Oceanus. True copies of all process, pleadings and orders received by Defendant Oceanus in connection with the action against it pending in the Logan County Circuit Court are attached hereto as Exhibit A.

11. This Court possesses subject matter jurisdiction over this action because there exists complete diversity of citizenship among the parties, within the meaning of 28 U.S.C. §1332.

12. In addition, this action is removable under 28 U.S.C. § 1446(c) because Plaintiff has acted in bad faith and in contravention of West Virginia state law in bringing Oceanus into Civil Action 10-C-131, in a manner that purports to prevent Oceanus from exercising its right to remove McNeely's case against it to federal court.

13. In particular, McNeely has improperly added a claim for declaratory relief, seeking to determine the rights between the insurer and the alleged tortfeasor, in her underlying claims, even though McNeely has not yet established liability against the alleged insured tortfeasor, there was no policy of insurance in existence between Oceanus and the alleged tortfeasor at the time of the underlying claim, and despite the statutory abolition of third-party bad faith actions. *See Loudin v. National Liability & Fire Ins. Co.*, 228 W.Va. 34, 716 S.E.2d 696, 701 (2011); *see also State ex rel. Nationwide Mut. Ins. Co. v. Kaufman,* 222 W.Va. 37, 44 n. 8, 658 S.E.2d 728, 735 n.8 (2008) ("[P]ursuant to W. Va.Code § 33–11–4a (2005), the Legislature abolished a third-party bad faith cause of action against insurers."). *See also* W. Va. Code § 55-7B-5(c) (prohibiting a cause of action against the insurer alleging bad faith in a medical professional liability action until the underlying action has been finalized).

14. McNeely has no good faith basis under West Virginia law, for joining a third-party claim for declaratory relief against an insurer of a healthcare provider, rather than filing a separate action if and when capable of making the requisite allegations. McNeely has been aware of Oceanus for an extended period of time and, if there were a proper basis for joining it in the state action, could have done so earlier. Yet it remains premature for McNeely to sue Oceanus on the claims she has brought, which should be done if at all in a separate action if and only if she were to prevail on her pending malpractice claims.

15. Furthermore, removal of Civil Action 10-C-131 following the filing of the Third Amended Complaint is consistent with judicially created exceptions to any limitations period that otherwise may apply to the removal of diversity cases because the lawsuit against Oceanus is, in fact, a "substantially a new suit begun that day." *See Johnson v. Heublein, Inc.*, 982 F.

Supp. 438, 443 (S.D. Miss. 1997), *aff'd by* 227 F.3d 236 (5th Cir. 2000) (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410, 6 S.Ct. 426, 427 (1886)); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982).

16. The removal here is supported by diversity jurisdiction consistent with the authority conferred upon this Court under Article III of the United States Constitution. In addition, removal here would have no adverse impact on judicial economy. Oceanus was not a party to Civil Action 10-C-131 and the conduct of Oceanus was not before the State Court until the filing of the Third Amended Complaint. *See Johnson*, 982 F. Supp. at 443. Removal at this stage would not give Oceanus any prejudicial tactical advantage, because the State Court never had the opportunity to "favor or disfavor" any of its anticipated defenses or positions on the merits. *See id.*

17. McNeely has known of the insurance issues about which she now complains from nearly the outset of her litigation. Yet McNeely chose to wait until now, but before resolving her underlying tort case, to sue Oceanus.

18. If Oceanus would not remove the State Court action at this time, but rather seek to sever or bifurcate, it could lose its right to remove the matter based on the passage of more than 30 days from receipt of the Third Amended Complaint.

19. By her conduct, plaintiff effectively seeks to deprive Oceanus of its right to exercise its removal rights under circumstances where complete diversity exists under 28 U.S.C. § 1332.

20.     The Co-Defendants' Consent to Removal is attached hereto as Exhibit "B."

WHEREFORE, Defendant Oceanus hereby removes this action from the Logan County Circuit Court to the United States District Court for the Southern District of West Virginia, and respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the Circuit Court of Logan County, West Virginia.

                                  Respectfully submitted,

                                  **OCEANUS INSURANCE COMPANY**

                                  By its attorneys,

December 10, 2012                  /s/ Melanie Morgan Norris
                                         Phillip T. Glyptis, Esq. (WV Bar #9378)
                                         Melanie Morgan Norris, Esq. (WV Bar #8581)
                                         Steptoe & Johnson PLLC
                                         P.O. Box 751
                                         Wheeling, WV 26003-0751
                                         304-233-0000
                                         304-232-0014 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
At Charleston

| | |
|---|---|
| JAMIE L. MCNEELY, individually and as the natural mother and next friend of TRACE JAMES MCNEELY, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 2:12-cv-8727 |
| EMMANUEL O. SOYOOLA, MD, OLAN COMPREHENSIVE WOMEN'S HEALTHCARE CENTER and OCEANUS INSURANCE COMPANY, ) ) ) ) ) | |
| Defendants. ) ) | |

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2012, I served the foregoing *Notice of Removal* upon all counsel of record, using the Court's CM/ECF filing system, as follows:

>Paul T. Farrell, Jr., Esq.
>Greene, Ketchum, Bailey, Walker, Farrell & Tweel
>419 – 11th Street
>PO Box 2389
>Huntington, WV 25724-2389
>***Counsel for Plaintiffs***

/s/ Melanie Morgan Norris

6155896.1