```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JAMIE L. MCNEELY, individually and as
the natural mother and next friend of
TRACE JAMES MCNEELY,

      Plaintiffs,

v.                                    Civil Action No. 2:12-cv-8727

EMMANUEL O. SOYOOLA, MD and
OLAN COMPREHENSIVE WOMEN'S HEALTHCARE CENTER and
OCEANUS INSURANCE COMPANY,

      Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the motion by Oceanus Insurance Company ("Oceanus") to dismiss or sever, filed December 17, 2012, and its motion to consolidate this case with another case pending in this court, filed June 12, 2013.

### I. Background

This "medical malpractice case arises out of the traumatic birth of a newborn infant at Logan Regional Medical Center . . . on November 10, 2005." 3d. Amend. Compl. ¶ 4. Plaintiff Jamie L. McNeely is a resident of Monaville, West

Virginia.  Id. ¶ 1.  She is the "natural mother and next friend of" Trace James McNeely ("Baby Trace").  Id. ¶ 2.  Dr. Emmanuel O. Soyoola is a resident of Logan, West Virginia and an agent of Olan Comprehensive Woman's Healthcare Center ("Olan Comprehensive"), a West Virginia business.  Id. ¶ 2.

The third amended complaint ("the complaint") sets forth the following allegations of fact.  Baby Trace's birth was carried out by "elective induction" under the care of Dr. Soyoola.  Id. ¶¶ 5, 17.  McNeely alleges that the delivery was "a disaster" caused by "[a]n avoidable medical error."  Id. ¶¶ 6-7.  As a result of that error, Baby Trace suffered a traumatic brain injury and now suffers from hypoxic ischemic encephalopathy.  Id. ¶¶ 8-11.

Oceanus Insurance Company issued an insurance policy to Dr. Soyoola and Olan Comprehensive effective August 1, 2004 and expiring on August 1, 2005.  Id. ¶ 33.  The policy was renewed over four consecutive policy periods, extending from August 1, 2005 to August 1, 2009.  Id. ¶ 34.  The policy is a "claims made malpractice policy" with policy limits of $1 million per claim.  Id.  It was "cancelled, nonrenewed and/or terminated" on August 1, 2009, by which time the medical malpractice claim herein had not been made.  Id. ¶ 35.  At the policy's termination, Oceanus did not offer Dr. Soyoola and Olan Comprehensive tail insurance with

amortized premiums, as required by W. Va. Code § 33-20D-3(a).  Id. ¶ 46.  As a result, Dr. Soyoola and Olan Comprehensive did not purchase $1 million in tail insurance, but instead opted to purchase a "lesser amount."  Id. ¶ 48.  In her opposition to the pending motion, McNeely clarifies that Dr. Soyoola purchased a $250,000 tail policy.  Opp'n ¶ 3.

McNeely initiated this action on April 4, 2013 in the Circuit Court of Kanawha County, alleging medical malpractice against Dr. Soyoola, Olan Comprehensive, and Logan Regional Medical Center ("Logan Medical").  On August 31, 2012, the circuit court approved a settlement between McNeely and Logan Medical.  On November 8, 2012, McNeely filed a third amended complaint, joining Oceanus as a defendant and removing Logan Medical.  McNeely alleges that Oceanus, by not offering Dr. Soyoola a $1 million policy with amortized premiums, violated its statutory duty under West Virginia Code § 33-20D-3(a) to make a commercially reasonable and effective offer of tail insurance.  Id. ¶¶ 38, 43.  She asserts that as a result of the violation, Oceanus must provide Dr. Soyoola with tail insurance in the amount of $1 million.  Id. ¶ 50.

The complaint asserts two counts.  Count I alleges medical malpractice against Dr. Soyoola and Olan Comprehensive.  Count II seeks a declaratory judgment against Oceanus as to the

tail insurance coverage, pursuant to the West Virginia Uniform Declaratory Judgment Act, W. Va. Code § 55-13-1.

On December 10, 2012, Oceanus removed the case pursuant to this court's diversity jurisdiction, contending that McNeely "either mistakenly or fraudulently pled" that Dr. Soyoola and Olan Comprehensive are West Virginia citizens. Not. Removal ¶ 8. Oceanus filed the pending motion to dismiss or sever one week later, on December 17, 2012.

On April 4, 2013, Dr. Soyoola filed a separate action to assert his rights against Oceanus under the insurance contract. That case, <u>Soyoola v. Oceanus Insurance Company</u>, Civil Action No. 2:13-cv-8907, is now pending in this district before the Honorable Joseph R. Goodwin, and is the case with which Oceanus seeks consolidation.

## II. Discussion

In its motion, Oceanus asserts that McNeely, who is not its insured, has no right under the operative statutes to bring a third-party claim against it. McNeely, in response, recognizes the limitations imposed on third-party claims by W. Va. Code § 33-11-4a, and explains that she "does not assert a claim for breach of contract, common law bad faith, and/or violation of West Virginia's Unfair Trade Practices Act." Opp'n ¶ 15. She states

4

that the "sole issue" with regard to Oceanus is a declaratory judgment action relating to insurance coverage.  Id.  As McNeely disavows any third-party cause of action against Oceanus, the court need only address whether she properly states a declaratory judgment claim against Oceanus.

Oceanus argues that McNeely lacks standing to bring a declaratory action claim regarding Dr. Soyoola's statutory rights as to his contract with Oceanus.  McNeely filed her declaratory judgment claim against Oceanus pursuant to the West Virginia Uniform Declaratory Judgment Act, see W. Va. Code § 55-13-2, and it is with respect to that act that Oceanus formulates its arguments for dismissal.  However, "federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). The court therefore analyzes McNeely's claim under the federal Declaratory Judgment Act.  See Bourazak v. N. River Ins. Co., 379 F.2d 530, 533 (7th Cir.1967) ("The Declaratory Judgment Act is a procedural statute and creates no substantive rights.").

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought."  28 U.S.C. § 2201(a).  A

5

court may constitutionally exercise jurisdiction in a declaratory judgment proceeding only when "the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Volvo Constr. Equip. N. Am. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) (internal quotations omitted). "A case meets the actual controversy requirement only if it presents a controversy that qualifies as an actual controversy under Article III of the Constitution." Id.

Even if the actual controversy requirement is met, a district court retains significant discretion to abstain from issuing a declaratory judgment. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). This is apparent from the Act's language that a district court "may declare the rights and other legal relations." 28 U.S.C. § 2201 (emphasis added); see also VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 575 ("[T]he breadth of the district court's discretion reflects the permissive language in the Declaratory Judgment Act itself."). In applying the Declaratory Judgment Act, a district court "has the duty to consider whether it should abstain from exercising its discretionary jurisdiction to avoid needlessly deciding state

6

issues" and to "prevent duplicitous litigation."  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1232 (9th Cir. 1998); see also Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

Oceanus asserts that McNeely's claim fails because she "seeks to impose obligations on Oceanus despite an absence of any contract with her."  Mem. Supp. Mot. 6.  However, "[t]he Supreme Court established some time ago that an actual controversy can exist between an insurer and the allegedly injured third party even though that third party is not a party to the insurance contract."  Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273-74 (1941)).  Moreover, an actual controversy may exist between an injured third-party and an insurer though the underlying action between the third party and the insured "[a]pparently . . . has not proceeded to judgment."  Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273-74 (1941)); see also White v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa., 913 F.2d 165, 168 (4th Cir. 1990) ("[I]n Maryland Casualty Co. the Supreme Court held that a controversy existed between an insurer and a

7

person injured by the insured even though the injured person had not yet obtained a judgment against the insured.").

Here, McNeely is seeking a medical malpractice judgment against Dr. Soyoola and Olan Comprehensive that presumably would be covered by their tail insurance.  She contends that Oceanus made an ineffective offer of tail insurance to Dr. Soyoola and Olan Comprehensive and is therefore obligated to provide tail coverage of $1 million.  Oceanus asserts that the tail insurance coverage is limited to the $250,000 that Dr. Soyoola purchased. Although McNeely and Oceanus lack privity of contract, and although McNeely has yet to secure a judgment against Dr. Soyoola for which Oceanus might be responsible, there appears to be an actual controversy.  Consequently, it also appears that the court may constitutionally exercise jurisdiction over McNeely's declaratory judgment claim.

Nevertheless, in the interest of judicial economy, the court exercises its discretion to abstain from hearing McNeely's declaratory judgment claim.  Although concerns over duplicitous litigation generally arise with reference to concurrent state court proceedings, the underlying efficiency concerns hold no less true when the concurrent proceeding is in federal court.  See Great Am. Ins. Co. v. Gross, 468 F.3d 199, 206 (4th Cir. 2006) ("As between two federal district courts, the general rule is that

8

duplicative litigation should be avoided."). In <u>Soyoola v. Oceanus Insurance Company</u>, Civil Action No. 2:13-cv-8907, Dr. Soyoola now asserts, on his own accord, the very contractual rights for which McNeely seeks a declaratory judgment. Proceeding with this declaratory judgment claim would lead to identical issues being determined in separate actions and would create both confusion and inefficiency. The potential for inefficiency is especially pronounced in this action, where the declaratory judgment claim, relating to the non-renewal of an insurance contract, presents issues legally and factually distinct from McNeely's medical malpractice claim.

### III.

Based upon the foregoing discussion, it is, accordingly, ORDERED that the Count II declaratory judgment claim be, and it hereby is, dismissed. It is further ORDERED that Oceanus Insurance Company be, and it hereby is, dismissed from this action.

Having dismissed the declaratory judgment claim, the court need not determine the merits of Oceanus's motion to dismiss or sever, which is hereby ORDERED denied as moot. The court likewise ORDERS that Oceanus's motion for consolidation, which has not been joined by any of the remaining parties to this action, be denied as moot.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

        ENTER: July 9, 2013

John T. Copenhaver, Jr.
United States District Judge